KM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Gordii Grigorii,

                Petitioner,

v.

David R. Rivas,

                Respondent.

No.    CV-26-00772-PHX-KML (CDB)

**ORDER**

Self-represented Petitioner Gordii Grigorii, who is confined in the San Luis Regional Detention Center, filed a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 1), but has not paid the $5.00 filing fee or filed an Application to Proceed In Forma Pauperis.  The Court will dismiss the Petition without prejudice.

Petitioner names San Luis Regional Detention Center Warden David R. Rivas as a Respondent and challenges his continued immigration detention.  Petitioner entered the United States in November 2024.  On July 29, 2025, an Immigration Judge ordered Petitioner removed.  Petitioner filed an appeal with the Board of Immigration Appeals on August 28, 2025.  His appeal is still pending.[1]  Petitioner asserts his detention is prolonged and he is entitled to release under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  During the

---

[1] *See* https://acis.eoir.justice.gov/en/ (enter "24487526" for "Enter your A-Number" and "Russia" for "Nationality") (last visited Feb. 9, 2026).

90-day removal period, continued detention is mandatory.  8 U.S.C. § 1231(a)(2).  After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or release them under an order of supervision.  8 U.S.C. § 1231(a)(6).  However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701.  "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004).

Because Petitioner's appeal is still pending, his order of removal is not final and the 90-day removal period has not yet begun.  *See* 8 C.F.R. § 1241.1 (stating in part that an order of removal "shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals; . . . [u]pon waiver of the appeal by the respondent; [or u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time.").  Accordingly, Petitioner is not entitled to relief under *Zadvydas,* and the Court will dismiss the Petition.

**IT IS ORDERED:**

(1)    Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed without prejudice**.

(2)    The Clerk of Court must enter judgment accordingly and close this case.

Dated this 9th day of February, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 2 -